UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON STAGGS,

    Petitioner,

    v.      No. 3:25 CV 197

WARDEN,

    Respondent.

## OPINION and ORDER

Brandon Staggs, a prisoner without a lawyer, filed an amended habeas corpus petition challenging a disciplinary proceeding at Indiana State Prison (ISP 23-07-002442), in which he was found guilty of trafficking in violation of Indiana Department of Correction ("IDOC") disciplinary offense A-113. (DE # 6.) For the reasons stated below, the petition is denied.

**I.   BACKGROUND**

The charge was initiated after an officer at Indiana State Prison found 130 grams of methamphetamine inside a laundry bag being transported to the prison's minimum security unit. (DE # 12.) The laundry bag had drawn the officer's attention because there was a distinguishing blue and orange colored cloth tied to the outside of it. (*Id.*) An investigation was conducted, including a review of available camera evidence, and it was determined that Staggs had put the bag in the laundry bin. (*Id.*)

On July 17, 2023, Internal Affairs Investigator A. Miller filed a conduct report against Staggs stating as follows:

> On June 2, 2023, between the approximate times of 6:03 AM – 12:15 PM Offender Brandon Staggs #250450 came into possession of and moved a mesh laundry bag containing contraband from his housing unit of E-Dorm then through his place of employment, the Laundry Department, and into a bin which he knowingly allowed the bag containing contraband to be transferred out of the facility through the North Gate en route for [Indiana State Minimum Unit].

(DE # 10-1 at 3.) Photos were taken of the contraband, which consisted of four baggies containing methamphetamine inside a plastic jar, as well as a smart watch and an altered smart watch adapter. (DE # 10-7 at 1-11; DE # 12.) A confidential investigation report was also completed and submitted. (DE # 12.) The matter was referred to the county prosecutor for consideration of whether to bring criminal charges against Staggs and others. (*Id.*)

On September 12, 2023, the screening officer notified Staggs of the disciplinary charge and provided him with a copy of the conduct report. (DE # 10-2.) Staggs pleaded not guilty and requested a lay advocate, and one was appointed for him. (DE # 10-2; DE # 10-3.) He requested a witness statement from a fellow inmate, Matthew Richardson, to state that there was "only laundry in the bag." (DE # 10-3.) He also requested a review of camera footage to show "me doing my job" in the prison laundry. (*Id.*)

A statement was obtained from inmate Richardson, who stated, "I had my dirty clothes washed by the laundry man Staggs." (DE # 10-6.) The hearing officer also reviewed the camera evidence and summarized it as follows:

> 6:03:05 Incarcerated Individual Staggs walks over to II Richardson's Cube in E-Dorm. II Richardson is sleeping and then wakes up to give II Staggs' a laundry bag which had contraband in it.
>
> 6:03:14 II Staggs takes the laundry bag from II Richardson and walks away

6:03:38 II Staggs walks over to his Cube that he occupied in E-Dorm which was East 32 and drops the laundry bag on his bed and walks away.

6:04:44 II Staggs comes back to his cube and takes another Laundry bag and puts the Laundry bag with the contraband inside of it inside the other Laundry bag

6:05:56 II Staggs sits down in his cube after pulling the outer laundry bag closed tight

6:10:25 II Staggs stands up and walks out of his Cube

6:15:54 II Staggs comes back to his Cube

6:16:43 II Staggs walks out of his Cube again

6:20:25 II Staggs comes back to his cube. The Laundry bag with the Contraband inside of it is still inside the other Laundry bag and sitting on his bed.

6:29:50 II Staggs picks up the Laundry bag and walks out of his Cube

6:30:21 II Staggs is seen carrying the Laundry bag with the Contraband inside the other Laundry bag out of the East Side of E-Dorm. II Staggs is also carrying another Laundry bag

6:30:37 II Staggs is seen leaving E-Dorm

The video itself was not disclosed to Staggs for security reasons, but he was provided with a copy of the report summarizing what it showed. (DE # 10-5.)

On November 9, 2023, the hearing officer held a disciplinary hearing on the charge. (DE # 10-4.) Staggs made the following statement in his defense: "I have never seen that shit in that bag. No one ever sends stuff to [Indiana Minimum Security Unit]. I have no knowledge of this." (*Id.*) After considering the evidence, the hearing officer found Staggs guilty of trafficking. (*Id.*) He was sanctioned with a loss of phone

3

privileges, 180 days in restrictive housing, and a 180-day deprivation of earned credit time. (*Id.*) He pursued an administrative appeal through IDOC channels, but his appeals were denied. (DE # 10-8; DE # 10-9.)

## II. ANALYSIS

When a prisoner loses earned credit time in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees him certain procedural protections: (1) at least 24-hours' advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The court understands Staggs to be raising three claims in his petition: (1) his due process rights were violated because he was denied an opportunity to personally view the video evidence and the confidential investigation report; (2) there was insufficient evidence to support the guilty finding; and (3) the disciplinary charge should have been dismissed because a criminal charge brought against him based on the same conduct

4

was dismissed. (DE # 6 at 2.) The respondent argues that these claims are without merit.[1] (DE # 10.)

Staggs first claims that he was denied evidence. (DE # 6 at 2.) Inmates have a right to request and present evidence when consistent with institutional safety and correctional goals. *Wolff*, 418 U.S. at 564. However, the right only extends to evidence that is exculpatory. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996).

The record reflects that Staggs requested a witness statement and a review of the camera evidence at screening. A witness statement was obtained pursuant to his request and considered by the hearing officer. (DE # 10-6.) The hearing officer also reviewed and considered the camera evidence as he requested, and also considered the confidential investigation report. (DE # 10-5.) Staggs argues that the confidential investigation report and video evidence should have been turned over to him. He had a right to request evidence in his defense, but not necessarily to personally review the evidence. *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). That is because "prison disciplinary boards are entitled to receive, and act on, information that is

---

[1] By operation of N.D. IND. L. CR. R. 47-2, Staggs was required to file a traverse by July 21, 2025. None was filed by that deadline. Out of an abundance of caution, the court extended the deadline to September 5, 2025. (DE # 15.) That deadline has now passed and no traverse was filed.

5

withheld from the prisoner and the public." *Id.* The evidence was considered by the hearing officer, which is all that due process required.

Additionally, the court has reviewed the confidential investigation report and the video evidence, and concludes that they were properly withheld because prison security could be compromised if they were disclosed to Staggs. Among other things, this evidence would reveal the location and capability of several cameras within the prison, as well as investigative techniques used by prison staff. *See Wolff*, 418 U.S. at 566; *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Based on this court's review, there is also nothing in the confidential report or video that was exculpatory. Instead, this evidence corroborates the information in the conduct report. He has not demonstrated a due process violation on this ground.

Staggs next challenges the sufficiency of the evidence. There only needs to be "some evidence" of guilt to satisfy due process. *Hill*, 472 U.S. at 455. As the Seventh Circuit has explained:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report by itself can constitute sufficient evidence to support a finding of guilt, *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999), as can circumstantial evidence. *Meeks*, 81 F.3d at 721.

Staggs was found guilty of violating A-113, trafficking, which prohibits "[g]iving, selling, trading, transferring, or in any other manner moving an unauthorized physical

6

object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee." (DE # 10-10 at 2.) The confidential investigation report, video evidence, photographs, and conduct report provide some evidence that Staggs engaged in trafficking when he took the laundry bag containing a large amount of methamphetamine from inmate Richardson, carried it through the prison, and ultimately placed it in a laundry bin to be transported to the prison's minimum security unit.

Staggs argues that there was no direct proof that he knew what was in the bag, but circumstantial evidence is sufficient in this context. *Meeks*, 81 F.3d at 721. The circumstantial evidence supports the guilty finding. Although Staggs worked in the prison laundry, he acted suspiciously when handling the laundry bag in question. Among other things, he spent several minutes obscuring the bag inside another laundry bag and tying it tight before taking it to the laundry room. He can also be seen on the laundry room video pushing the bag further down in the laundry bin and covering it with a blanket before taking it to the van to be transported. The amount of contraband found inside the bag was also significant. In addition to the 130 grams of methamphetamine contained inside a plastic jar,[2] there was also a smart watch and an

---

[2] This is a large amount of drugs. For context, under Indiana criminal law anything over 28 grams is presumed to be a dealer-level quantity of methamphetamine. Ind. Code § 35-48-4-1.1(b).

7

altered smart watch charger in the bag. It is unlikely that Staggs did not know there was something besides clothes in the bag as he was moving it around.

The court finds the evidence sufficient to support the hearing officer's determination that Staggs knew there was contraband in the bag and engaged in trafficking. Although he protests that he is not guilty of trafficking, it is not the role of this court to reweigh the evidence to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652. He has not established a due process violation on this ground.

His final claim is that the disciplinary charge should have been dismissed because the criminal charge based on this incident was dismissed. (DE # 6 at 3.) Public records reflect that Staggs was charged with dealing in methamphetamine, but before the case went to trial the prosecutor moved to dismiss the case without prejudice for unspecified reasons.[3] *State v. Staggs*, No. 46D02-2310-F2-001607 (LaPorte Sup. Ct. closed Sept. 23, 2024). The charge was then dismissed without prejudice. *Id.* If Staggs is arguing that there was a finding of insufficient evidence in the criminal case, that is incorrect.

Furthermore, just because the criminal charge was dismissed does not mean Staggs could not be punished for a disciplinary offense based on the same conduct. Double Jeopardy principles do not apply in the prison disciplinary context. *Meeks*, 81 F.3d at 722. Additionally, the criminal charge was subject to a substantially higher burden of proof: the prosecution was required to prove that Staggs engaged in

---

[3] The court is permitted to take judicial notice of public records. Fed. R. Evid. 201.

8

trafficking beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). In the disciplinary context, there only needed to be "some evidence" of guilt to satisfy due process. *Hill*, 472 U.S. at 455; *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (observing that guilt need not be proven beyond a reasonable doubt in the prison disciplinary context). As outlined above, there was sufficient evidence to find Staggs guilty of the offense of trafficking. He has not established a due process violation on this ground.

For these reasons, the court **DENIES** the amended petition (DE # 6), and **DIRECTS** the Clerk close this case.

**SO ORDERED.**

Date: September 19, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

9